UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ira-Jerome Moore, # 07866-029, ) | C/A No. 6:06-1881-RBH-WMC |
| Petitioner, ) | |
| vs. ) | Report and Recommendation |
| Matthew B. Hamidullah, ) | |
| Respondents. ) | |

## **BACKGROUND OF THIS CASE**

The petitioner is a federal inmate at FCI-Estill. He is serving a 210-month sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the District of Iowa. The petitioner does not reveal if he filed a direct appeal. The petitioner alleges he has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He also alleges he sought a Certificate of Appealability from the Eight Circuit Court of Appeals.

In the § 2241 petition the petitioner alleges that his sentence was imposed based on an unconstitutional application of the federal sentencing guidelines career offender provision. It is not entirely clear from his petition but he seems to allege that the State of Georgia reclassified it's burglary convictions as crimes of violence. He also states that the District Court in Iowa used an un-counseled prior conviction to enhance his sentence, erred by allowing testimony of an informant, erred by ordering restitution, and erred by utilizing "404(b) evidence".

In addition, this petitioner seems to be raising Bivens issues. He states on page 1 of his petition that he has been denied access to the Courts. He elaborates on page 4 that he was

1

placed in segregation, and his legal documents and pre-sentence report were taken from him, preventing him from "adequate and effective access to a Court." He asks that his pre-sentence report be returned to him.

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

---

[1]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. See In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, (7th Cir.1994).  Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255.  *See* United States v. Morehead, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255.  Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000).  In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1.  Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, supra.

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement".  Dumornay v. United States, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994).  Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy".  Dumornay, *supra, citing* United States v. Addonizio, 442 U.S. 178, 185 (1979).  Since relief granted pursuant to § 2255  "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'".  Dumornay, *supra, citing* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964).  If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the  § 2255 motion was inadequate, or ineffective.  Williams, *supra*.

4

If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. Williams, *supra*. *See also* In re Avery W. Vial 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); Atehortua v. Kindt, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241). In the above-captioned case, the petitioner does not set forth any set of facts which could be construed to show that his § 2255 motion was inadequate or ineffective. As a result, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In any event, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the above-captioned case, even if appropriate, should be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after the petitioner has exhausted his administrative remedies. *See* 28 C.F.R. §§ 542.10 through 542.16; *See also* Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Since the petitioner has not established that he has exhausted his administrative remedies, and has not shown that the exhaustion requirement would be inadequate, inefficacious, futile, or irreparably injure him, this matter must be dismissed pursuant to 28 U.S.C. 1915(d). Congress saw fit to limit the availability of Section 2255 petitions. To determine that Congress limited the availability of Section 2255 on

the one hand, but intended to allow petitioners the availability of the Writ under Section 2241 on the other hand, would clearly be contrary to the purpose of the AEDPA.

As for petitioner's Bivens' claims[2], the pleading reveals that the petitioner/plaintiff has not exhausted available administrative remedies. Such exhaustion is required by the PLRA, specifically 42 U.S.C. § 1997e(a) which provides: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held this to be a mandatory provision which "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *See* Porter v. Nussle, 534 U.S. 516 (2002).

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. *See* 28 C.F.R. § 542.10, *et. seq..* After informal attempts to resolve the matter with staff have failed (sometimes referred to as a Form BP-8), the plaintiff must present his claims to the Warden of the Federal Correctional Institution in Estill. using a Form BP-9. *See* 28 C.F.R. § 542.13(b). If necessary, the plaintiff must appeal that determination to the Regional Director of the Federal Bureau of Prisons using a Form BP-10, and, if necessary, to the Office of General Counsel using a Form BP-11. *See* 28 C.F.R. § 542.15.

A response to the BP-9 shall be made within twenty (20) days at the institutional level; thirty (30) days for the Regional Director; and forty (40) days for General Counsel. 28 C.F. R.

---

[2] *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

6

§ 542.18. If full extensions are granted at every level, the exhaustion procedure could require one hundred eighty (180) days.

Prior to 1996 a federal prisoner asserting a Bivens claim was required to exhaust his or her administrative remedies only if the prisoner was seeking injunctive relief. McCarthy v. Madigan, 503 U.S. 140, 112 S. Ct. 1081, 117 L.Ed.2d 291 (1992). The McCarthy case interpreted 42 U.S.C. § 1997(e) (a/k/a CRIPA, Civil Rights of Institutionalized Persons Act) to require exhaustion of administrative remedies only by state prisoners seeking relief pursuant to 42 U.S.C. § 1983. Since the plaintiff in McCarthy was seeking monetary damages for his claims, the court held that the plaintiff did not have an available administrative remedy to exhaust.[3]

CRIPA was amended by the Prison Litigation Reform Act (PLRA). Specifically the Act provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other federal law*, by a prisoner confined in any jail, prison, or other correction facility until such Administrative remedies as are available are exhausted. (emphasis added).

42 U.S.C. § 1997(e).

As a result, several courts have determined that the PLRA overruled McCarthy, *supra*. In Fortes v. Harding, 19 F.Supp.2d 323 (M.D. Penn. 1998), a federal prisoner brought a Bivens Action seeking injunctive relief against prison officials whom he alleged were interfering with his ability to appeal his conviction. The court noted that the PLRA made no distinction between an action for damages, injunctive relief, or both, and dismissed the case for, among other things, the

---

[3]The Administrative Remedy Program (ARP) established by the Bureau of Prisons does not authorize prison officials to grant monetary and declaratory relief. 28 C.F.R. § 542.10. Thus, a federal prisoner who was seeking monetary and declaratory relief did not have an available administrative remedy. Garrett v. Hawk, 127 F. 3d 1263, 1266 (10th Cir. 1997).

failure to exhaust his federal administrative remedies. Fortes at 325. *See also* Odumosu v. Keller, 1999 WL 421026 (N.D.N.Y. 1999)(based on legislative history, best interpretation of 1997(e) is one which requires exhaustion even where an inmate only seeks relief which cannot be obtained through administrative procedures).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, Allen v. Perini, 400 U.S. 906 (1970)[Table]; Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. ***The petitioner's attention is directed to the important notice on the next page.***

        s/William M. Catoe
        United States Magistrate Judge

July 18, 2006

Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

  During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina  29603
