UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ira-Jerome Moore, #07866-029, | ) | C/A No. 6:06-cv-01881-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Matthew B. Hamidullah, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate at FCI-Estill, proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on June 26, 2006. Based on the information alleged in the petition, Petitioner is serving a 210- month sentence on bank robbery and conspiracy convictions that was entered by the United States District Court for the Northern District of Iowa. Petitioner was found guilty of the offenses in 1998 by a jury, and was sentenced on October 26, 1998. Petitioner's conviction and sentence were affirmed by the Eighth Circuit Court of Appeals in 1999. The petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255, challenging his sentence on several grounds, which was denied.

Petitioner has now filed this action under § 2241 on the basis of "unconstitutional deprivation of adequate and effective access to Court." Specifically, he alleges:

> On November 23, 2004 A.D. Respondent Warden or his agents, acting upon a Program Statement, deprived Petitioner of adequate and effective access to a Court, by placing the Petitioner in Segregation/Confinement, and depriving the Petitioner of his legal documents, Presentence Investigation Report (PSR), and hindering the Petitioners adequate and effective access to a Court, with proper documentation to support Petitioner's Legal and factual claims.

Petition, ¶ 14a.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate William M. Catoe filed July 18, 2006. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1),

Based on his review of the record, the Magistrate Judge concluded that the Petitioner's § 2241 action should be dismissed without prejudice. He construed the petition in part as an attempt to challenge his sentence and recommended a finding that those claims are cognizable under § 2255. The Magistrate Judge construed the access to courts claim as a *Bivens* claim and concluded that the petitioner has not exhausted his administrative remedies as to his *Bivens* claim. As such, the Magistrate Judge recommended that the petition be dismissed without prejudice and without requiring the respondent to file a return.

The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Petitioner timely filed objections to the Report and Recommendation on August 4, 2006.

The Magistrate Judge recommended dismissal pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("ADEPA"). Section 1915A(a) provides a screening procedure as described as follows:

The court shall review, before docketing, if feasible or, in any event, as soon as

> practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity.

28 U.S.C. § 1915A(a).  The court is to dismiss a complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

In his objections, the petitioner states that he was not intending to challenge his sentence or conviction but that he "has asserted therein his 28 U.S.C. § 2241 that the respondent to this action placed him in segregation, and took his legal documents, including his pre-sentence-report [PSR]."  (Objections, page 4).  Petitioner additionally alleges that it was proper for him to bring a claim based upon access to courts under § 2241, since he alleges that § 2241 is "the proper vehicle for challenging the condition of his confinement."  (Objections, page 6).  Petitioner further attaches information which he contends shows that he has in fact exhausted his administrative remedies regarding his access to courts claim.

The Court has reviewed the Petition and the Objections to the Report and concludes that the petition was not properly brought as a petition for habeas corpus and should accordingly be dismissed without prejudice.  "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also, Plyler v. Moore*, 129 F.3d 728 (4th Cir. 1997).  A claim as to constitutional violations relating to prison procedures which do not affect the length of a sentence or a claim for damages relating to conditions of confinement are properly brought as a civil rights action rather than a habeas action.  *Todd v. Baskerville*, 712 F.2d 70

(4th Cir. 1983). Where the officials who allegedly deprived the petitioner of constitutional rights in connection with a prisoner's confinement are federal and not state officials, then the action is brought as a *Bivens*[1] action instead of a Section 1983 action.[2]

The Court accordingly concludes that a writ of habeas corpus is not the appropriate vehicle for the claim raised by the petitioner which relates to the conditions of his confinement. The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation as modified herein. Accordingly, the case is **DISMISSED** *without prejudice* and without requiring the respondents to file a return.

The petitioner has also filed various motions in the case, [7] Motion for Summary Judgment, [8] Motion to Amend Writ, [9] Motion for Preliminary Injunction, [12] Motion for Temporary Injunction, [15] Motion for Reconsideration of order of Judge Catoe denying motion for subpoena. In light of the Court's dismissal of the claim, these motions are now denied as moot.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 16, 2007
Florence, South Carolina

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] A constitutional claim for denial of access to courts is brought pursuant to 42 U.S.C. § 1983 or as a *Bivens* action and a plaintiff must show actual injury from the deprivation. *See Lewis v. Casey*, 518 U.S. 343 (1996).